1  Alan E. Kassan, State Bar No. 113864
   e-mail: akassan@kantorlaw.net
2  Peter S. Sessions, State Bar No. 193301
   e-mail: psessions@kantorlaw.net
3  KANTOR & KANTOR, LLP
   19839 Nordhoff Street
4  Northridge, CA 91324
   Telephone: (818) 886-2525
5  Facsimile: (818) 350-6272

6  Attorneys for Plaintiff
   Christine Gilmour

**E-FILING**

FILED
2008 JUN -5 A 11:02
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| CHRISTINE GILMOUR,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY; CIRCUIT CITY STORES, INC. LONG TERM DISABILITY PLAN,<br><br>Defendants. | Case No. C08 02803 RS<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff Christine Gilmour herein sets forth the allegations of her complaint against Defendants Aetna Life Insurance Company and Circuit City Stores, Inc. Long Term Disability Plan.

### PRELIMINARY ALLEGATIONS

1. Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under

1. these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, and attorneys' fees and costs.

2. Plaintiff was at all times relevant an employee of Circuit City Stores, Inc. and a resident of the County of Monterey, State of California.

3. Plaintiff is informed and believes that Defendant Aetna Life Insurance Company ("Aetna") is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. Aetna is the insurer of benefits under the Circuit City Stores, Inc. Long Term Disability Plan, (hereinafter "LTD Plan") and acted in the capacity of a plan administrator.

4. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Circuit City Stores, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

COMPLAINT FOR BREACH OF ERISA

# FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS

### (29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Circuit City Stores, Inc. and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Aetna for LTD benefits under the LTD Plan. On July 19, 2007, Plaintiff's claim for LTD benefits was denied by Aetna on the ground that she did not meet the LTD Plan definition of disability. Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on December 21, 2007, Aetna erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

10. Defendants Aetna and the LTD Plan breached the Plan and violated ERISA in the following respects:

  (a) Failure to pay LTD benefit payments to Plaintiff at a time when Aetna and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Aetna had such knowledge, Aetna denied Plaintiff's LTD benefits;

COMPLAINT FOR BREACH OF ERISA

 (b) Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

 (c) After Plaintiff's claim was denied in whole or in part, Aetna failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

 (d) Concealing and withholding from Plaintiff the notice requirements Aetna and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

 (e) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

11. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

12. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

13. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Aetna, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

COMPLAINT FOR BREACH OF ERISA

14. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

15. The wrongful conduct of the LTD Plan and Aetna has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED: June 4, 2008

KANTOR & KANTOR, LLP

By: _____
Peter S. Sessions
Attorneys for Plaintiff
Christine Gilmour

5

COMPLAINT FOR BREACH OF ERISA

# CIVIL COVER SHEET

**ORIGINAL**
JS 44 (Rev. 11/04)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**E-FILING**

**I. (a) PLAINTIFFS**
Christine Gilmour

**DEFENDANTS**
Aetna Life Insurance Company, Circuit City Stores, Inc. Long Term Disability Plan

**(b)** County of Residence of First Listed Plaintiff: Monterey County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Connecticut
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**ADR**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan E. Kassan    Tel#: (818) 886-2525
Peter S. Sessions
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324

Attorneys (If Known)

**C 08 02803 RS**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: 110 Insurance, 120 Marine, 130 Miller Act, 140 Negotiable Instrument, 150 Recovery of Overpayment & Enforcement of Judgment, 151 Medicare Act, 152 Recovery of Defaulted Student Loans (Excl. Veterans), 153 Recovery of Overpayment of Veteran's Benefits, 160 Stockholders' Suits, 190 Other Contract, 195 Contract Product Liability, 196 Franchise

REAL PROPERTY: 210 Land Condemnation, 220 Foreclosure, 230 Rent Lease & Ejectment, 240 Torts to Land, 245 Tort Product Liability, 290 All Other Real Property

TORTS PERSONAL INJURY: 310 Airplane, 315 Airplane Product Liability, 320 Assault, Libel & Slander, 330 Federal Employers' Liability, 340 Marine, 345 Marine Product Liability, 350 Motor Vehicle, 355 Motor Vehicle Product Liability, 360 Other Personal Injury

CIVIL RIGHTS: 441 Voting, 442 Employment, 443 Housing/Accommodations, 444 Welfare, 445 Amer. w/Disabilities - Employment, 446 Amer. w/Disabilities - Other, 440 Other Civil Rights

PERSONAL INJURY: 362 Personal Injury - Med. Malpractice, 365 Personal Injury - Product Liability, 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: 370 Other Fraud, 371 Truth in Lending, 380 Other Personal Property Damage, 385 Property Damage Product Liability

PRISONER PETITIONS: 510 Motion to Vacate Sentence, Habeas Corpus: 530 General, 535 Death Penalty, 540 Mandamus & Other, 550 Civil Rights, 555 Prison Condition

FORFEITURE/PENALTY: 610 Agriculture, 620 Other Food & Drug, 625 Drug Related Seizure of Property 21 USC 881, 630 Liquor Laws, 640 R.R. & Truck, 650 Airline Regs., 660 Occupational Safety/Health, 690 Other

LABOR: 710 Fair Labor Standards Act, 720 Labor/Mgmt. Relations, 730 Labor/Mgmt. Reporting & Disclosure Act, 740 Railway Labor Act, 790 Other Labor Litigation, [X] 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: 422 Appeal 28 USC 158, 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: 820 Copyrights, 830 Patent, 840 Trademark

SOCIAL SECURITY: 861 HIA (1395ff), 862 Black Lung (923), 863 DIWC/DIWW (405(g)), 864 SSID Title XVI, 865 RSI (405(g))

FEDERAL TAX SUITS: 870 Taxes (U.S. Plaintiff or Defendant), 871 IRS - Third Party 26 USC 7609

OTHER STATUTES: 400 State Reapportionment, 410 Antitrust, 430 Banks and Banking, 450 Commerce, 460 Deportation, 470 Racketeer Influenced and Corrupt Organizations, 480 Consumer Credit, 490 Cable/Sat TV, 810 Selective Service, 850 Securities/Commodities/Exchange, 875 Customer Challenge 12 USC 3410, 890 Other Statutory Actions, 891 Agricultural Acts, 892 Economic Stabilization Act, 893 Environmental Matters, 894 Energy Allocation Act, 895 Freedom of Information Act, 900 Appeal of Fee Determination Under Equal Access to Justice, 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §1132 Failure to Pay Plan Benefits

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 4, 2008
SIGNATURE OF ATTORNEY OF RECORD: Peter S. Sessions

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44