Alan E. Kassan, State Bar No. 113864
   e-mail: akassan@kantorlaw.net
Peter S. Sessions, State Bar No. 193301
   e-mail: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Christine Gilmour

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

CHRISTINE GILMOUR,

   Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY; CIRCUIT CITY STORES, INC. LONG TERM DISABILITY PLAN,

   Defendants.

Case No. C 08-02803 RS

FIRST AMENDED COMPLAINT FOR:

BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS

Plaintiff Christine Gilmour herein sets forth the allegations of her first amended complaint against Defendants Aetna Life Insurance Company and Circuit City Stores, Inc. Long Term Disability Plan.

**PRELIMINARY ALLEGATIONS**

1.   Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under

1  these code sections as well as 28 U.S.C. § 1331 as this action involves a federal
2  question. This action is brought for the purpose of recovering benefits under the
3  terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an
4  employee benefit plan, and to clarify Plaintiff's rights to future benefits under the
5  employee benefit plan named as Defendant. Plaintiff seeks relief, including but not
6  limited to: payment of benefits, prejudgment and postjudgment interest, and
7  attorneys' fees and costs.
8     2.   Plaintiff was at all times relevant an employee of Circuit City Stores, Inc.
9  and a resident of the County of Monterey, State of California.
10    3.   Plaintiff is informed and believes that Defendant Aetna Life Insurance
11 Company ("Aetna") is a corporation with its principal place of business in the State of
12 Connecticut, authorized to transact and transacting business in the Northern District
13 of California and can be found in the Northern District of California. Aetna is the
14 insurer of benefits under the Circuit City Stores, Inc. Long Term Disability Plan,
15 (hereinafter "LTD Plan") and acted in the capacity of a plan administrator.
16    4.   Plaintiff is informed and believes that Defendant LTD Plan is an
17 employee welfare benefit plan regulated by ERISA, established by Circuit City
18 Stores, Inc., under which Plaintiff is and was a participant, and pursuant to which
19 Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms
20 and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration
21 of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the
22 terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in
23 that it covers employees residing in this judicial district.
24    5.   Defendants can be found in this judicial district and the Defendant Plan
25 is administered in this judicial district. The LTD claim at issue herein was also
26 specifically administered in this judicial district. Thus, venue is proper in this judicial
27 district pursuant to 29 U.S.C. § 1132(e)(2).
28

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
### (29 U.S.C. § 1132(a)(1)(B))

6.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7.   At all times relevant, Plaintiff was employed by Circuit City Stores, Inc. and was a covered participant under the terms and conditions of the LTD Plan.

8.   During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9.   Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Aetna for LTD benefits under the LTD Plan. On July 19, 2007, Plaintiff's claim for LTD benefits was denied by Aetna on the ground that she did not meet the LTD Plan definition of disability. Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on December 21, 2007, Aetna erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

10.   Defendants Aetna and the LTD Plan breached the Plan and violated ERISA in the following respects:

   (a)   Failure to pay LTD benefit payments to Plaintiff at a time when Aetna and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Aetna had such knowledge, Aetna denied Plaintiff's LTD benefits;

    (b)    Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

    (c)    After Plaintiff's claim was denied in whole or in part, Aetna failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

    (d)    Concealing and withholding from Plaintiff the notice requirements Aetna and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

    (e)    Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

11. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

12. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

13. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Aetna, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

14. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

15. The wrongful conduct of the LTD Plan and Aetna has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;
2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
3. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and
4. Such other and further relief as this Court deems just and proper.

DATED: June 26, 2008                                KANTOR & KANTOR, LLP

                                                    By:   /s/ Peter S. Sessions
                                                          Peter S. Sessions
                                                          Attorneys for Plaintiff
                                                          Christine Gilmour

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 19839 Nordhoff Street, Northridge, California 91324.

On June 26, 2008, I served the foregoing document described as: FIRST AMENDED COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS in this action by serving a true copy thereof addressed as follows:

Ronald Alberts
Gordon & Rees, LLP
633 W. Fifth Street, Suite 4900
Los Angeles, CA 90071
E-Mail: ralberts@gordonrees.com
Tel#: 213-576-5000
Fax#: 213-680-4470

[X]  (BY MAIL) I deposited such envelope in the mail at Northridge, California. The envelope was mailed with postage thereon fully prepaid.

[X]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Northridge, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (BY PERSONAL SERVICE) I caused such envelope to be delivered by Now Messenger to the offices of the addressee.

[ ]  (BY FACSIMILE) I faxed such document to the facsimile number above following regular business practices.

[ ]  (BY E-MAIL SERVICE) I also caused the above-referenced document to be e-mailed to the above named person.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 26, 2008, Northridge, California.

*Tinee Parell*
Tinee Parell

# Complaints and Other Initiating Documents

5:08-cv-02803-RS Christine Gilmour-v-Aetna Life Insurance Company
ADRMOP, E-Filing

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Sessions, Peter entered on 6/26/2008 1:40 PM and filed on 6/26/2008

**Case Name:** Christine Gilmour-v-Aetna Life Insurance Company
**Case Number:** 5:08-cv-2803
**Filer:** Christine Gilmour
**Document Number:** 7

**Docket Text:**
**AMENDED COMPLAINT** *First Amended Complaint* **against all defendants. Filed byChristine Gilmour. (Sessions, Peter) (Filed on 6/26/2008)**

**5:08-cv-2803 Notice has been electronically mailed to:**

Alan Edward Kassan      akassan@kantorlaw.net

Peter Steffens Sessions      psessions@kantorlaw.net

**5:08-cv-2803 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** I:\CASES\02 LITIGATION\Gilmour v. Aetna - PSS\Gilmour - First Amended Complaint.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/26/2008] [FileNumber=4492074-0]
[3bd121484f56a4c0aad5ae0399baf390f41894fe5c69157c1da1f183bd8b4b61607cd
2a9e50648c7721929e2c5b4c78417e4a137267a36925570caf1be576a6c]]